IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. CR-09-218-C |
| ) | |
| ISAIAS FRANCO VALAZQUEZ,   ) | |
| ) | |
| Defendant.   ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant filed the present Motion to Dismiss, requesting that the Court dismiss the charge he faces under 21 U.S.C. § 841(a). According to Defendant, this statutory provision is unconstitutional under both the Establishment Clause and the Fifth Amendment Equal Protection Clause because it grants a regulatory exemption for the use of peyote to the Native American Church but does not treat other groups or individuals similarly.

**A. Establishment Clause**

In order for a challenged governmental action to be valid under the Establishment Clause, it "(1) must have a secular legislative purpose, (2) must have a principal or primary effect that neither advances nor inhibits religion, and (3) must not foster an excessive government entanglement with religion." Green v. Haskell County Bd. of Comm'rs, 568 F.3d 784, 796 (10th Cir. 2009). Many courts have considered the impact of the Establishment Clause on the exemption in the Controlled Substances Act, 21 U.S.C. § 801, et seq., for the use of peyote by members of the Native American Church, and each one has held that the exemption does not constitute an establishment of religion in violation of the

First Amendment.  See Peyote Way Church of God, Inc. v. Thornburgh, 922 F.2d 1210, 1216-17 (5th Cir. 1991); Olsen v. Drug Enforcement Admin., 878 F.2d 1458, 1463-65 (D.C. Cir. 1989); United States v. Warner, 595 F.Supp. 595, 599-600 (D.N.D. 1984).  The Court sees no reason to depart from the reasoning of these cases, and therefore finds that the peyote exemption to the Controlled Substances Act poses no Establishment Clause problems.  Accordingly, Defendant is not entitled to dismissal on this basis.

**B.  Equal Protection Clause**

Defendant's second argument is that the exemption for the Native American Church violates the Equal Protection Clause as applied to the federal government under the Fifth Amendment.  Defendant contends that any law granting "denominational" preferences should be subject to strict scrutiny and that the government cannot present a compelling interest justifying the disparate treatment of the use of controlled substances.

According to the Supreme Court, "[t]he Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike.'"  Plyler v. Doe, 457 U.S. 202, 216 (1982) (citation omitted).  Defendant has not demonstrated that he is in any way similarly situated to members of the Native American Church who use peyote during religious ceremonies.  There are no allegations that Defendant's possession of methamphetamine in the instant case was related to his religious beliefs or practices.  Accordingly, Defendant is not entitled to dismissal of the charges against him on this basis.

Defendant's Motion to Dismiss Drug Count (Dkt. No. 32) is DENIED.

IT IS SO ORDERED this 31st day of August, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge